García, Demandante y Apelada, *v.* Porto Rico Railway Light & Power Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre daños y perjuicios (memorándum de costas.)

No. 2622.—Resuelto en mayo 1, 1922.

Honorarios de Abogado—Apelación—Prueba de la Cuantía de los Honorarios.—Para que el Tribunal Supremo pueda decidir si una partida reclamada por honorarios de abogado en el memorándum de costas es o no excesiva, es necesario, cuando se ha practicado prueba, que se eleve la que la parte apelada ofreció y la corte consideró al fijar los honorarios.

Id.—Costas—Alegaciones Improcedentes.—Es en la apelación contra la sentencia y no contra la resolución aprobando el memorándum de costas que el recurrente puede alegar abuso de discreción al imponer costas así como la nulidad de la ley autorizando la concesión de honorarios.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. J. H. Brown* y *C. Ruiz.*

Abogado de la apelada: *Sr. A. Aponte, Jr.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta contra una resolución que aprobó un memorándum de costas entre cuyas partidas figura una de $200 por honorarios de abogado del demandante, siendo uno de los motivos del recurso del demandado que tal cantidad es excesiva, pero no estamos en condiciones

de decidir esta cuestión porque en la transcripción de los autos que nos ha sido presentada no está la prueba que la parte demandante presentó y que la corte inferior tuvo en cuenta para fijar los honorarios de abogado en esa cantidad.

Se alega asimismo por el apelante que constituyó un abuso de discreción e infracción del artículo 327 del Código de Enjuiciamiento Civil conceder a la demandante honorarios de abogado y que la ley autorizando la concesión de ellos como costa es inválida. En apoyo de estos dos motivos expone el apelante que la concesión de costas y honorarios de abogado es discrecional y que habiéndose reclamado en la demanda dos mil dollars y habiendo la corte concedido en su sentencia la cantidad de trescientos dollars fué un abuso de esta discreción imponer el pago de las costas. En cuanto a ser inválida la ley autorizando la concesión de honorarios de abogado se limita al enunciado sin más argumentación.

Esas cuestiones pudieron ser suscitadas en apelación contra la sentencia que condenó al demandado al pago de las costas más no en este recurso en el que partiéndose de la base de una sentencia firme que condena en costas, el memorándum de ellas y la resolución de la controversia sobre el mismo no tiene otro alcance que fijar su cuantía, que ha de ser la materia del recurso contra la resolución apelada.

También expone el apelante que habiendo pagado el demandado la cantidad a que fué condenado por la sentencia como indemnización no procede librar otra orden de ejecución por las costas y honorarios de abogado, cuyo importe debe figurar en la misma sentencia. Como no aparece de la transcripción que tenemos ante nosotros que el demandado pagara la cantidad a que fué condenado como indemnización no tenemos base para considerar la cuestión.

Alega por último el apelante que el memorándum de costas que se presentó no aduce hechos suficientes para auto-

rizar la concesión y fijación de honorarios de abogado. Sin embargo, la sentencia impuso al demandado el pago de las costas, condena que incluye honorarios de abogado según hemos resuelto en los casos de *Brac* v. *Ojeda,* 27 D. P. R. 658; *Ramírez* v. *American Railroad Company,* 28 D. P. R. 181 y en el de *Forés* v. *Balzac,* que resolvimos el 21 de abril de este año, (pág. 370).

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Franco Soto.

El Juez Asociado Sr. Hutchison firmó: "Conforme con la sentencia."